IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JELINER ANNA WELLS )
)
v. ) NO. 3-15-0366
) JUDGE CAMPBELL
STEVE MADDEN, LTD. )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 15). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part.

FACTS

Plaintiff's Complaint alleges that she is a former employee of Defendant, a retail store in Middle Tennessee. Plaintiff contends that Defendant discriminated against her because of her race and retaliated against her for engaging in protected activity, all in violation of 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1981 ("Section 1981").

Defendant has moved to dismiss Plaintiff's claims, arguing that Plaintiff's discriminatory and retaliatory discharge claims and racially hostile work environment claims are jurisdictionally barred because she did not raise them in her complaints with the Equal Employment Opportunity Commission ("EEOC") and that her Title VII and Section 1981 race discrimination, hostile work environment and retaliation claims are insufficiently pled.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

EXHAUSTION OF ADMINISTRATIVE REMEDIES - TITLE VII [1]

An employee alleging discrimination in violation of Title VII must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010); 42 U.S.C. § 2000e-5(e)(1). Filing an EEOC charge is a condition precedent to filing suit under Title VII. *Johnson v. Buddy's Bar-B-Q, Inc.*, 2015 WL 1954454 at * 3 (E.D. Tenn. April 29, 2015). Claims not included in the charge may not be brought in a subsequently-filed action. *Younis*, 610 F.3d at 361; 42 U.S.C. § 2000e-5(f)(1).

When, as here, EEOC charges are brought by *pro se* plaintiffs, the Court must construe the charges liberally, entertaining claims that are reasonably related to or grow out of the factual allegations of the EEOC charge. *Johnson* at * 3; *Younis*, 610 F.3d at 362. When facts related to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim. *Id*.

Defendant argues that nothing in Plaintiff's three EEOC Complaints alleges that she was wrongfully fired or subjected to a racially hostile work environment. Plaintiff's first EEOC charge,

---

[1] There is no exhaustion requirement for claims under Section 1981.

dated November 27, 2013, alleges race discrimination and retaliation; Plaintiff's second EEOC charge, dated January 2, 2014, alleges retaliation; and Plaintiff's third EEOC charge, dated March 6, 2014, alleges disability discrimination and failure to accommodate.

None of these charges alleges the adverse employment action of termination. Neither the EEOC charges nor the Complaint offers facts concerning when Plaintiff's termination occurred or under what circumstances. Plaintiff admits that she did not file a fourth EEOC charge after Defendant terminated her employment. Thus, Plaintiff has not exhausted her Title VII claims for retaliatory or discriminatory termination and those claims are dismissed without prejudice.

Plaintiff's EEOC charges also do not allege a racially hostile work environment. The question becomes whether the facts alleged with respect to the charged claims would prompt the EEOC to investigate a different, uncharged claim of hostile work environment. The Court finds that it would not. Plaintiff's EEOC charges allege that she was demoted and disciplined because of her race and in retaliation for her complaints and that she had her hours reduced, sales taken from her, and was precluded from "ringing on the register" in retaliation for her complaints.[2]

To show a hostile work environment, Plaintiff must show that her workplace was permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive as to alter the conditions of her employment and create an abusive working environment. *Kuhn v. Washtenaw County*, 709 F.3d 612, 626-27 (6th Cir. 2013). Inclusion in an EEOC charge of discrete acts of discrimination to allege a claim of disparate treatment cannot, standing alone, support a subsequent uncharged claim of hostile work environment unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge. *Id.* at 627.

---

[2] Plaintiff's third EEOC charge, for disability discrimination, is not at issue in this case since Plaintiff's Complaint does not allege disability discrimination.

3

Plaintiff did not allege, in her EEOC charges, facts from which one would infer that her workplace was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive as to alter the conditions of her employment and create an abusive working environment. Therefore, the Court has no jurisdiction to hear Plaintiff's Title VII hostile work environment claim, and that claim is dismissed without prejudice.

INSUFFICIENCY OF PLEADING - TITLE VII AND SECTION 1981

Defendant contends that Plaintiff's claims for racial discrimination, hostile work environment and retaliation are insufficiently pled.

Plaintiff's Complaint, the allegations of which must be taken as true for purposes of this Motion, alleges that Defendant discriminated against her because of her race by paying her less than similarly situated non-African American employees; by scheduling her fewer work hours than similarly situated non-African American employees; by not providing her breaks as it did similarly situated non-African American employees; and by providing her less valuable benefits that it did similarly situated non-African American employees.

If true, these allegations sufficiently allege a racial discrimination claim under Title VII and Section 1981 to survive a Motion to Dismiss. Plaintiff has set forth allegations that she was treated differently than similarly situated persons outside her protected class. The alleged adverse employment actions, including less pay and fewer benefits, are sufficient to state a claim at this stage of the litigation.

Plaintiff's Complaint also alleges that Defendant retaliated against Plaintiff because of her complaints. Specifically, Plaintiff alleges that "Defendant retaliated against plaintiff because of her opposition to defendant's racially offensive, inappropriate and unlawful actions, including repeated

racially derogatory comments such as referring to defendant's store staff as 'too ghetto' and 'not diverse enough' and other mistreatment and terminating Plaintiff." Docket No. 1, ¶¶ 9, 10, 17 and 19. The adverse employment actions alleged to have been caused by this retaliation are racially derogatory comments, "other mistreatment" and termination.

The Court has found that Plaintiff's Title VII claims for wrongful termination and hostile work environment should be dismissed for failure to exhaust administrative remedies. The only other alleged adverse employment action related to the Title VII claim for retaliation is "other mistreatment." This allegation is too vague and conclusory to be sufficiently pled, there being no facts alleging the specific mistreatment or any of the circumstances surrounding it. Moreover, Plaintiff's Complaint fails to identify the alleged "protected activity" in which she engaged or explain how Defendant knew of that activity. Accordingly, Plaintiff's retaliation claims under Title VII and Section 1981 should be dismissed as insufficiently pled.

With regard to Plaintiff's claims for discriminatory and retaliatory termination under Section 1981, claims which need not be exhausted, Plaintiff's Complaint alleges no facts about her firing, simply that Defendant discriminated and retaliated against her by terminating her. She does not indicate when such termination occurred, by whom she was fired, what reason was given for her firing, how the firing was connected to her race or her protected activity, what that protected activity was, or how similarly situated non-African American employees were treated differently. The Court finds that Plaintiff's Complaint fails adequately to plead a claim for termination in violation of Section 1981.

With regard to Plaintiff's Section 1981 claim for hostile work environment, the Court also finds that Plaintiff has failed adequately to plead this claim. Plaintiff has not alleged facts from

which one would infer that her workplace was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive as to alter the conditions of her employment and create an abusive working environment.

Other than the conclusory statement that "Defendant created, allowed and failed to remedy a racially hostile work environment that altered plaintiff's working conditions in violation of Title VII and Section 1981," the only facts Plaintiff alleges which arguably relate to a hostile work environment are "repeated racially derogatory comments" such as referring to Defendant's store staff as "too ghetto" and "not diverse enough." She does not say who made these comments or to whom they were made, how they are specifically derogatory to African American employees, or how they altered the conditions of her employment. Plaintiff's claim for hostile work environment under Section 1981 is not sufficiently pled, and that claim should be dismissed.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. Plaintiff's Title VII claims for wrongful termination and hostile work environment are DISMISSED without prejudice. Plaintiff's Section 1981 claims for wrongful termination and hostile work environment are DISMISSED. Plaintiff's claims for retaliation, under both Title VII and Section 1981, are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE